AO 440 (Rev 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Colorado

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2019 AUG -8 PM 4:48

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

| | |
|---|---|
| RYAN SHAWHAN KEHOE | ) |
| | ) |
| -plaintiff- | ) |
| | ) |
| V. | ) |
| | ) |
| CITY AND COUNTY OF DENVER, CO; | ) |
| DENVER POLICE DEPARTMENT - DISTRICT 3; | ) |
| OFFICER RORY KOWALSKI, individually; | ) |
| OFFICER DANIEL J COSTIN, individually; | ) |
| DETECTIVE JES C SANDOVAL, individually | ) |
| | ) |
| -defendants- | ) |

CASE NO._____

Jury Trial: *(check one)* ☑ Yes ☐ No

'19 - CV - 02274

## COMPLAINT

The Plaintiff, RYAN S KEHOE, for his complaint against the defendants herein, respectfully alleges:

### INTRODUCTION

This is an action for equitable relief and for redress for the violation of rights guaranteed to the plaintiff by state and federal laws, including: (a) damages for deprivations by defendants acting under color of State law of plaintiff's rights, privileges and immunities guaranteed by the Fourth Amendments to the United States Constitution pursuant to 42 USC 1983; (b) damages for deprivations by defendants of plaintiff's rights, privileges and immunities guaranteed by Article II Sections 7 of the Colorado State Constitution; and (c) damages based upon common law claims in tort.

### JURISDICTION AND VENUE

The jurisdiction of the Court is invoked pursuant to 28 U.S.C. 1331 and 1343(a)(3). The Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) over the state and local law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy.

Venue is proper in this district pursuant to 28 U.S.C. 1391 because all of the material acts and damages alleged herein occurred within the District of Colorado. Such acts include practices and conduct violative of the Fourth Amendment to the United States Constitution. In addition, venue is proper in this district pursuant to 28 U.S.C. 1391 because, upon information and belief, defendants' residence and/or principal place of business is in this judicial district.

RYAN KEHOE
1315 Columbine St #103
Denver, CO 80206

## THE PARTIES

Plaintiff RYAN S KEHOE is a male, Caucasian, and American citizen of the United States, domiciliary of the State of Colorado and a resident of the County of Denver.

Defendant CITY AND COUNTY OF DENVER, CO is a supervising authority duly existing by reason of and pursuant to the laws of the State of Colorado.

Defendant DENVER POLICE DEPARTMENT DISTRICT 3 is a municipal corporation duly existing by reason of, pursuant to, and enforcing of the laws of the State of Colorado.

Defendant RORY KOWALSKI, who is sued personally and in his individual capacity, at all times relevant to this complaint was a police officer employed by the Denver Police Department District 3.

Defendant DANIEL J COSTIN, who is sued personally and in his individual capacity, at all times relevant to this complaint was a police officer employed by the Denver Police Department District 3.

Defendant JES C SANDOVAL, who is sued personally and in his individual capacity, at all times relevant to this complaint was a detective employed by the Denver Police Department District 3.

Throughout the conduct, the defendants utilized their actual and apparent authority over the plaintiff to carry out the violations of the plaintiff's rights guaranteed by the constitution, statutory and common law.

At all relevant times, the municipal defendant hired or retained employees, including the individual defendants, who abused their authority.

At all relevant times, the defendants failed to adopt policies or procedures that would have prevented the violations of the plaintiff's rights alleged herein, including but not limited to appropriate training and supervision.

**STATEMENT OF CLAIM**

Around 5:00 pm, on August 15, 2017 Ryan Kehoe pulled into the parking lot outside the Best Buy store on South Colorado and East Mexico in Denver, Colorado.   He parked his car near the store front just to the west and south of the entrance at Best Buy. Ryan Kehoe had not violated traffic laws. Once in the lot, Kehoe parked and exited his vehicle.

Moments later, nearly a dozen Police rushed in, guns drawn, on Kehoe as he stood near his car. The Officers saw no illegal driving and they saw no one else in the lot where Kehoe was.   The officers did not conduct meaningful surveillance or gather anything amounting to reasonable suspicion to stop Kehoe. In short, the first prong of the reasonable suspicion calculus was absent.

Denver Police Officer Rory Kowalski immediately detained him in the Best Buy parking lot before even asking his name.  Without advising Kehoe of his rights to remain silent, to have an attorney, or to terminate questioning, Officer Kowalski and Officer Daniel Costin asked Kehoe if the keys he had just dropped were his keys and he answered them affirmatively. He told the Officer that they fit his car. He was not subject to a "pat-down" search.   Statements in the discovery by Officers Kowalski and Costin both say they were provided "information" that Detective Jes Sandoval received from an "informant" about "a white male with brown or reddish hair" that Officer Costin states he later "learned his name is Ryan."

The "information" about the car, its flaws, and why it was in the parking lot at 4100 E. Mexico has not been revealed to the defense, nor is it alluded to in the discovery. People v. Polander, 41 P. 3d 698 (Colo. 2001). The source of the information, the recency of the information, and the informant motive for providing the information were also missing from the discovery.

The "informant's" declarations are insufficient to support the contacting, detaining, searching and questioning Kehoe. Since these statements to Detective Sandoval are from an unknown, untested person who lacked important details such as location, type of contraband, and manner of transportation shows how the reasonableness of the stop fails. People v. Garcia 789 P. 2d 570 (Colo. 1990).

Garcia, supra was a case where a Grand Junction police officer was told by an informant that Garcia would be driving a certain car, gave its color and license plate and said that it would leave a house at 1:00 pm. The informant told the Policeman that there would be a large amount of cocaine hidden under the hood. The Officers went to the location where the car was driving, and they stopped it. They obtained permission to search, and one-half ounce of cocaine was located.

The Garcia Court suppressed the evidence, and the Colorado Supreme Court affirmed. The Supreme Court noted that an informant's statements must demonstrate details of impending or ongoing criminal activity in order to support an investigatory detention. The Colorado Supreme Court reiterated its rule that any investigatory search must be supported by a specific articulable basis in fact that criminal activity is taking place, has taken place, or is about to take place. People v. Contreras 782 P. 2d 555 (Colo. 1989).

The fact that an "informant" supplied information used by the Denver Officers Kowalski and Costin as the sole grounds to support the detention and arrest of Ryan Kehoe further demonstrates the violation of Mr. Kehoe's Constitutional Fourth Amendment right against unreasonable search and seizures and further proves Denver Officers Kowalski and Costin illegally detained and arrested Mr. Kehoe. Florida v. JL, 566 U.S. 266 at 273-74 (2000) (anonymous tip must bear indicia of reliability).

Seven months later on March 21, 2018 Kehoe's 2006 Lexus IS 350 VIN# JTHBE262662006542 was sold at the Denver Police Abandoned and Confiscated Vehicle Auction for $4,100. Kehoe's case was not dismissed for another seven months until October 26, 2018 when the Assistant District Attorney stated before the court that "the People are dismissing all charges since the police had no probable cause to take inventory of Mr. Kehoe's car and person." Needless to say, the illegal arrest of Kehoe led to the eventual illegal selling of his car and unrecovered personal property wherein that he was fully entitled to upon dismissal of his case.

### THE FIRST CAUSE OF ACTION;

*(Fourth Amendment Violation)*

Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

The policies and conduct of the defendants violated the plaintiff's right to be free of unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution.

As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including a loss wages, transportation, and communication along with bonding out of jail and hiring a defense attorney.   The plaintiff has also incurred damage to his reputation, both business and family, and now suffers from a psychiatric injury.   The plaintiff's damage is an amount which exceeds the jurisdictional monetary threshold of the County Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions.   Accordingly, plaintiff is entitled to an award of punitive damages.

### FOR THE SECOND CAUSE OF ACTION

*(Colorado Constitutional Tort)*

Plaintiff repeats and realleges each and every allegation contained in the paragraphs previously set forth.

The policies and conduct of the defendants violated his right to be free of unreasonable searches and seizures in violation of Article II Section 7 of the Colorado State Constitution.

As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including a loss wages, transportation, and communication along with bonding out of jail and hiring a defense attorney.   The plaintiff has also incurred damage to his reputation, both business and family, and now suffers from a psychiatric injury. The plaintiff's damage is an amount which exceeds the jurisdictional monetary threshold of the County Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## REQUEST FOR RELIEF

The plaintiff, RYAN SHAWHAN KEHOE, for his complaint against the defendants herein, respectfully requests the Court enter Judgement:

1) Retaining jurisdiction over this action and ordering the defendants to implement and enforce proper policies and practices including appropriate training and supervision to protect employees and individuals from infringement of their constitutional rights;

2) Awarding the plaintiff **$82,944** for **loss of wages** due to **damage to reputation**: the arrest was a direct result of the plaintiff losing his business where he last earned $41,472 per year;

3) Awarding the plaintiff **$50,000** for **phycological damage:** the plaintiff was diagnosed with a personality disorder as a direct result of the emotional stress endured over fourteen months until dismissal, and the plaintiff's friends and family relationships are forever blemished or have permanently ended;

4) Awarding the plaintiff **$25,000** for **punitive damages**: $5,000 for each defendant for the pain and suffering they wrongfully caused.

5) Awarding the plaintiff **$10,000** for **attorney costs and fees**, the amount paid for defense counsel;

6) Awarding the plaintiff **$5,000** for **damage to property**, including the loss of the plaintiff's car, cell phone, and cash;

7) Awarding the plaintiff **$1,050** for **bond costs and fees**: the amount paid for bail and bonding fee;

8) Granting such other and further relief as to the Court seems just and proper.

The plaintiff would like to thank the Court for their time and consideration in this matter.

x _____          Date: July 29, 2019
        Ryan Shawhan Kehoe
             -plaintiff-

JS 44 (Rev 06/17)   District of Colorado

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RYAN SHAWHAN KEHOE

### DEFENDANTS

CITY AND COUNTY OF DENVER, CO;
DENVER POLICE DEPARTMENT DISTRICT 3;
OFFICER RORY KOWALSKI, individually;
OFFICER DANIEL J COSTIN, individually;
DETECTIVE JES C SANDOVAL, individually

**(b)** County of Residence of First Listed Plaintiff   Denver, CO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant(s)   Denver, CO

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

n/a

Attorneys *(If Known)*

n/a

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 United States Code 1983 Civil action for deprivation of rights

Brief description of cause:
Relief for damages endured from the violation of Plaintiff's Fourth Amendment Rights

☐ AP Docket

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   173,994.00 U.S.D.

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE   William Robbins

DOCKET NUMBER   17CR5786

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE