IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2274-WJM-NRN

RYAN SHAWHAN KEHOE,

    Plaintiff,

v.

RORY KOWALSKI, individually,
DANIEL COSTIN, individually, and,
JES C. SANDOVAL, individually,

    Defendants.

---

**ORDER ADOPTING JANUARY 5, 2022 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on United States Magistrate Judge N. Reid Neureiter's January 5, 2022 Report and Recommendation ("Recommendation") (ECF No. 77) that the Court grant Defendants Rory Kowalski, Daniel Costin, and Jes C. Sandoval's (collectively, "Defendants") Motion for Summary Judgment ("Motion") (ECF No. 68). Plaintiff Ryan Shawhan Kehoe filed a timely objection ("Objection") (ECF No. 78), and Defendants responded (ECF No. 79). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons set forth below, Plaintiff's Objection is overruled, and the Recommendation is adopted in its entirety.

**I. BACKGROUND**

On August 15, 2017, Denver Police Department ("DPD") Narcotics Detective Sandoval received information from a confidential source that a drug sale would be

taking place in a parking lot located at 4100 E. Mexico Boulevard in Denver, Colorado. (*Id.* ¶ 4.)  According to the confidential source, the individual who would conduct the sale, the dealer, was a white male with brown or reddish hair, and he would be driving into the parking lot in a silver or gray Infinity or a vehicle of a similar model.  (*Id.* ¶¶ 4–5.)  Further, the vehicle would have left front fender damage repaired with "noticeable" Bondo auto body filler.  (*Id.* ¶ 5.)

Several DPD officers arrived at the parking lot, and the confidential source informed Sandoval that the dealer would arrive in five minutes.  (*Id.* ¶¶ 6–7.)  Five minutes later, a silver Lexus with a noticeable amount of Bondo on the front left fender arrived at the parking lot.  (*Id.* ¶ 8.)  When the driver exited the vehicle, the confidential source confirmed that the driver was the dealer.  (*Id.* ¶ 11.)  Then Sandoval advised his team to detain the driver, and DPD Officers Kowalski and Costin arrested him.  (*Id.* ¶¶ 11–12.)  The driver was subsequently identified as Plaintiff.

After being arrested, Plaintiff permitted Costin to turn off his vehicle, and while doing so, Costin noticed a large box sitting in the passenger seat.  (*Id.* ¶ 13.)  Plaintiff also consented to a pat-down of his pockets.  (*Id.* ¶ 15.)  During the interaction, the officers learned that Plaintiff did not possess a valid driver's license and had a warrant out for his arrest for misdemeanor shoplifting.  (*Id.* ¶ 16.)  At that point, Costin informed Plaintiff that he was under arrest and read him his Miranda rights.  (*Id.* ¶ 16.)[1]

---

[1] Plaintiff contests the existence of the confidential source, arguing that Defendants have failed to produce any evidence in support of the existence of the informant.  (ECF No. 27 at 5.)  But Defendants have provided sworn affidavits testifying to the existence of the confidential source.  (ECF No. 68-1.)  And Plaintiff's conclusory allegations to the contrary are not sufficient to survive summary judgment.

## II. PROCEDURAL HISTORY

On November 8, 2019, Plaintiff filed his Second Amended Complaint. (ECF No. 7.) He asserted claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth Amendment rights against the City and County of Denver ("Denver"), and against Defendants in their individual capacities and official capacities. (*Id.*)

On June 17, 2020, the Court dismissed all claims against Denver and all claims against Defendants in their official capacities. (ECF No. 47.) Thus, the only remaining claims in this case are against Defendants in their individual capacities for violation of Plaintiff's Fourth Amendment rights with respect to the search and seizure of his person.

On August 18, 2021, Defendants moved for summary judgment as to all of Plaintiff's remaining claims. (ECF No. 68.) Plaintiff responded to their motion (ECF No. 72), and Defendants replied (ECF No. 74). On January 5, 2022, Judge Neureiter recommended that the Court grant Defendants' Motion. (ECF No. 77.) Plaintiff filed his Objection (ECF No. 78), to which Defendants responded (ECF No. 79).

## III. STANDARD OF REVIEW

### A.   Review of a *Pro Se* Plaintiff's Pleadings

The Court must construe a *pro se* plaintiff's pleadings "liberally"—that is, "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

3

**B.      Rule 72(b) Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**C.      Summary Judgment**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  An

issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## IV. ANALYSIS

Defendants relied on a confidential informant to establish probable cause. An officer may rely upon information received through an informant if the informant's information is "reasonably corroborated" by other matters within the officer's knowledge. *Illinois v. Gates*, 462 U.S. 213, 241 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 269 (1960)) (internal quotations omitted). Whether information gleaned from a confidential source can serve as the basis for probable cause is determined by the totality of the circumstances. *Id.* at 230–31.

Judge Neureiter found that the information provided to Defendants by the confidential source was reasonably corroborated by Defendants' observations at the scene. (*Id.* at 12.) He based his analysis on a totality of the circumstances. Specifically, Judge Neureiter found that the information accurately matched the sequence of events that transpired, the description of the vehicle and the dealer matched the observations made by Defendants, and the vehicle arrived at the time predicted by the confidential informant. (*Id.* at 12–14.)

Additionally, he found that Defendants' argument for probable cause was strengthened by the fact that Defendants were aware that drug transactions frequently took place at this particular location. (*Id.* at 13.)

Thus, Judge Neureiter found that Defendants had probable cause to arrest Plaintiff. (*Id.* at 16.) He also found that Plaintiff consented to being pat down, and therefore the search that preceded the arrest did not amount to a Fourth Amendment violation. (*Id.* at 18.) Based on these findings, Judge Neureiter recommended that the Court grant Defendants Motion. (*Id.* at 19.)

## A.  Whether Judge Neureiter Disregarded Plaintiff's Entire Argument

In his Objection, Plaintiff argues that Judge Neureiter erred because he "disregards Plaintiff's arguments '*in part* because [Plaintiff] did not comply with Judge Martinez's Practice Standards . . .'" (ECF No. 78 at 4 (citing ECF No. 77 at 3 n.3).) But Plaintiff mischaracterizes Judge Neureiter's words by divorcing them from their context. The quotation at issue is from a footnote at the beginning of the Factual History section of the Recommendation which reads in full:

> The Court relies primarily on Defendants' statement of undisputed facts in part because Mr. Kehoe did not comply with Judge Martinez's Practice Standards, which, for

6

> example, required him to respond to Defendants' material
> facts with numbered paragraphs admitting or denying each
> of Defendants' asserted facts, and providing a factual basis
> for a denial. Further, as set forth more below, Mr. Kehoe
> has not offered any evidence sufficient to create a genuine
> dispute of material fact.

(ECF No. 77 at 3 n.3.) This quotation does not support Plaintiff's assertion that Judge

Neureiter disregarded his arguments entirely. To the contrary, at the end of the Factual

History section, Judge Neureiter acknowledged that Plaintiff disputes Defendants'

version of the facts, stating:

> Mr. Kehoe, for his part, argues that the "alleged informant's
> physical description of a drug dealer in Defendants' motion
> for summary judgment is contradictory to that of Defendants'
> statements made within the same discovery for the related
> criminal case." [(ECF No. 72 at 4.)] He further argues that
> there is no documentation from the confidential source about
> what information was provided, what the confidential source
> was paid, and whether the confidential source was eligible to
> serve as an informant pursuant to Denver Police policy. (*Id.*)
> In fact, he contests the existence of the confidential source
> in the first instance. (*Id.* at 5.)

(ECF No. 77 at 5.) Further, Judge Neureiter thoroughly analyzed Plaintiff's arguments

throughout the Recommendation. (*See id.* at 11, 13–16.)

Thus, the Court finds no support for Plaintiff's argument that Judge Neureiter

disregarded his arguments entirely, and therefore, the Court overrules this portion of the

Objection.

## B. Plaintiff's Remaining Objections Were Waived

Plaintiff makes two arguments for the first time in his Objection. First, Plaintiff

asserts that there is an inconsistency between the Defendants' statements of facts and

the record that creates a genuine issue of material fact. (ECF No. 78 at 5–6.)

Specifically, Defendants state that "Detective Sandoval communicated all of the details

provided by the confidential source over the District 3 channel . . ." (ECF No. 68 at 5 ¶ 6); but Plaintiff asserts that "at no point in the AUDIO EVIDENCE is there any relay of information including the name Ryan, physical description of a white male with brown or reddish hair, what type of contraband was involved, or what crime was allegedly about to be committed" (ECF No. 78 at 6).

Second, Plaintiff argues that the statements he made to Defendants after being arrested were made under duress. (*Id.* at 6–7.)

Plaintiff did not raise either of these arguments in response to the Motion. (*See generally* ECF No. 72.) The Tenth Circuit has held that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Thus, the Court overrules these portions of Plaintiff's objection.[2]

## C.   *De Novo* Review

In addition to considering Plaintiff's specific objections, the Court has conducted a *de novo* review of the entire Recommendation, and the Court finds that Judge Neureiter's analysis was thorough and well-reasoned. Accordingly, the Court adopts the reasoning set forth in the Recommendation and overrules the Objection.

---

[2] In his Objection, Plaintiff also recites the undisputed point of law that "nearness [. . .] to a place of illegal activity is not sufficient to establish probable cause." (ECF No. 78 at 6 (citing *United States v. Soto*, 375 F.3d 1219, 1222 (10th Cir. 2004)).) While this is a correct statement of the law, Plaintiff fails to explain how it conflicts with Judge Neureiter's Recommendation. Judge Neureiter based his determination that Defendants had probable cause on a totality of the circumstances, including the information provided by the confidential source, the Defendants' observations at the scene, and the location where the arrest took place. (ECF No. 77 at 12–13.) Thus, Judge Neureiter's reasoning is entirely consistent with the principle of law stated by Plaintiff that location alone is not sufficient to establish probable cause.

## V. CONCLUSION

Thus, for the reasons stated above, the Court ORDERS:

1. Plaintiff's Objection (ECF No. 78) is OVERRULED;

2. The Recommendation (ECF No. 77) is ADOPTED in its entirety;

3. Defendants' Motion for Summary Judgment (ECF No. 68) is GRANTED;

4. Plaintiff's Second Amended Complaint (ECF No. 7) is DISMISSED;

5. The parties shall bear his or their own fees and costs; and

6. The Clerk shall enter judgment in favor of Defendants Rory Kowalski, Daniel Costin, and Jes C. Sandoval and against Plaintiff Ryan Shawhan Kehoe and terminate the case.

Dated this 17th day of February, 2022.

BY THE COURT:

William J. Martinez
United States District Judge